(No. 36978.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. WAYNE WESLEY, Plaintiff in Error.

*Opinion filed January 22, 1964.*

Jerome J. Kornfeld, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Elmer C. Kissane and Richard T. Buck, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

By five indictménts returned to the criminal court of Cook County, the defendant, Wayne Wesley, was charged with the following crimes, all alleged to have been committed on January 4, 1961: the rape, armed robbery and assault with intent to murder of Mrs. Frances L., and the rape and armed robbery of Mrs. Charlotte V. The cases were consolidated and after defendant had waived a jury trial he was tried by the court and found guilty of all five crimes. Subsequently, the following sentences to imprisonment in the penitentiary were imposed: indictment No. 61-353 (rape)—life imprisonment; No. 61-354 (armed robbery)—a term of 10 years to life; No. 61-355 (assault with intent to murder)—a term of 5 to 10 years; No. 61-356 (rape)—a term of 35 years; and No. 61-357 (armed robbery)—a term of 5 to 20 years. It was directed that the first four of the above sentences were to run concurrently, and that the fifth was to run consecutively to the other four.

Defendant prosecutes this writ of error for review of all of the judgments of conviction contending: (1) that the trial court did not adequately apprise him of his right to a jury trial, with the result that he did not understandingly waive such right; and (2) that he was denied the fair and impartial trial contemplated by due process of law because of bias and prejudice on the part of the trial court, and because of the incompetency of his appointed counsel.

It has long been established that the State and Federal constitutional requirement of a jury trial is not jurisdictional, but is, rather, a privilege which a defendant may waive with the consent of the court, provided the waiver is expressly and understandingly made. (*People ex rel. Swanson* v. *Fisher,* 340 Ill. 250; *Patton* v. *United States,* 281 U.S. 276, 74 L. ed. 855.) Equally well settled is the principle that it is the duty of the trial court to see that the election to forego a jury trial is expressly and understandingly made by an accused. (*People* v. *Surgeon,* 15 Ill.2d 236.) Express written waiver is conceded here, and we find little in the record which commends itself to the contention that the waivers were not understandingly made. When defendant and his appointed counsel appeared, the court inquired whether there was to be a jury or a bench trial and after being given time to converse with a doctor present, counsel informed the court it would be a bench trial. When this occurred, the court asked defendant to step up and received affirmative answers to inquiries as to whether defendant understood that he had a right to a jury in each case, and as to whether defendant wanted the court to try the cases. There is no specific or defined formula which the trier of fact is to follow, or from which to judge whether a waiver is understandingly made, and we believe of necessity that the determination must rest upon the facts of each particular case. Here, as was partly true in *People* v. *Palmer,* 27 Ill.2d 311, it is apparent that the remarks of the court had been preceded by explanation on the part of de-

fendant's counsel; the waiver was accomplished in the presence of counsel; and it is to be gathered from the hearing on aggravation and mitigation that defendant, while youthful, was no stranger to criminal proceedings. Accordingly, we are of the opinion the trial court was correct in its determination that the right to trial by jury was expressly and understandingly waived. Cf. *People* v. *Pierce,* 387 Ill. 608; *People* v. *Surgeon,* 15 Ill.2d 236.

Proof of defendant's guilt, the sufficiency of which is not questioned here, was overwhelming, the evidence showing his positive identification as the person who had invaded two homes, armed with a gun, where he committed robbery and perpetrated acts of sexual intercourse and sexual perversion upon two housewives with the minor children of each present in the house. Defendant did not take the stand on his own behalf. All of the evidence took but three hours to present, and at its conclusion the trial court immediately announced a finding of guilty as to each indictment. When defense counsel inquired if argument "would change your mind," the court replied in the negative pointing out that the simple and uncontroverted evidence of guilt would permit no other conclusion. Subsequently, during the hearing on aggravation and mitigation, the court ascertained from defendant's mother that he had been born out of wedlock, referred to defendant as a "beast" and stated that to insure the safety of women in their homes and to teach defendant and others like him a lesson, he was going to see to it that defendant was kept off the streets for the balance of his life. All of these factors, together with the shortness of trial, are now interpreted by defendant as being demonstrative that the trial judge was biased and prejudiced against him. For our part, we see no merit to this claim.

When a criminal cause is tried before the court, as distinguished from a trial by jury, the matter of permitting oral argument rests in the sound discretion of the court and we have consistently held it to be neither an abuse of

discretion nor prejudicial to a defendant for the court to refuse to hear argument where, as here, the proof of guilt is overwhelming and clearly established beyond a reasonable doubt. (*People* v. *Manske,* 399 Ill. 176; *People* v. *Berger,* 284 Ill. 47.) Similarly, in view of the evidence, the strong remarks of the court made after its finding of guilty, are not manifestations of prejudice and bias which infected the trial. Coming as they did after all of the evidence had been heard, and after findings of guilty had been made, we believe they are indicative rather of the court's firm conviction of guilt and that the crimes warranted maximum punishment. (Cf. *People* v. *Coolidge,* 26 Ill.2d 533; *People* v. *Sudduth,* 14 Ill.2d 605.) Even before a jury the full prosecution of the law may be advocated, and defendant unfavorably commented upon, (*People* v. *Miller,* 13 Ill.2d 84; *People* v. *Moore,* 9 Ill.2d 224,) and in case of bench trials, we see no purpose for holding the court to sterner limitations. Finally, the mere brevity of the trial could not be said to have resulted in an unfair or impartial trial under the circumstances of this case. The evidence was brief and not complex, and the record is devoid of any showing that defendant was in any manner inhibited or hurried in presenting his defense.

For his final contention defendant asserts that his appointed counsel, the public defender, was so incompetent as to deny him due process of law. Specifically, it is urged that defendant was inadequately defended because counsel called but one witness and presented no alibi; because counsel did not ask for a continuance to further discuss with defendant the meaning and consequence of a jury waiver; because counsel did not conduct an investigation to seek out evidence or witnesses for defense; because no motion was made to suppress evidence of the prosecution; because counsel did not object to the court's refusal to allow oral argument; and because motions were not made for a new trial or in arrest of judgment. Some of these charges are

*de hors* the record; some are refuted in the record and abstract here; and some have already been indirectly replied to in this opinion. All of them, we believe, ignore the evidence of guilt for which there could be little effective defense, and are an attempt to have counsel adjudged ineffective by hindsight. Most go to matters pertaining to the exercise of judgment and discretion, and it is well settled that review of appointed counsel's competence does not extend to those areas involving the exercise of judgment, discretion or trial tactics, (*People* v. *Kirkrand,* 14 Ill.2d 86,) and this is true even though appellate counsel or the reviewing court might have acted in a different manner. *People* v. *Robinson,* 21 Ill.2d 30. Cf. *People* v. *Hare,* 25 Ill.2d 321; *People* v. *Anthony,* 28 Ill.2d 65.

Under the circumstance that defendant was sixteen years of age when convicted, and because the Sentence and Parole Act required that he be committed to the Illinois Youth Commission for some of his crimes, (Ill. Rev. Stat. 1961, chap. 38, pars. 801, 803,) the People have gratuitously confessed to error in the imposition of sentences and to the need of remandment for the imposition of proper sentences. Defendant having been legally convicted, a new trial is not required; however, the judgments will be reversed and the causes remanded to the criminal court of Cook County with directions to enter proper sentences. *People* v. *Montana,* 380 Ill. 596; *People* v. *Kirilenko,* 1 Ill.2d 90.

*Reversed and remanded, with directions.*