**People of the State of Illinois, Appellee, v.
Garland Turner, Appellant.**

**Gen. No. 51,133.**

First District, Fourth Division.

February 24, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (C. Paul Bradley, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Morton Friedman and Robert Novelle, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

After a bench trial the defendant, Garland Turner, was convicted of attempted robbery and was sentenced to the penitentiary for a term of not less than one nor more than eight years.

## Contentions on Appeal

1.   Defendant was denied his constitutional right to a trial by jury in that his purported waiver of a jury trial was ineffective;

2.   Defendant was not proven guilty beyond a reasonable doubt.

## Facts Relating to the Jury Waiver

According to the transcript of proceedings, when the case was called for trial defendant appeared before the court and defense counsel stated: "Your Honor, the defendant is ready for trial and this will be a bench trial." The judge asked the defendant if he knew what a jury trial was, to which defendant replied: "No, I do not know what a jury trial is because I can't read or write or nothing." The trial judge then instructed defense counsel to inform the defendant "as to the nature of a jury trial." According to the record a conference took place between defense counsel and defendant, but the record does not reveal the nature or subject matter of that conference. After the conference defense counsel informed the court that defendant could not write his name and requested the court to witness the defendant making an "X" to signify his assent to the jury waiver. At no time did the trial judge advise the defendant of his right to a trial by jury, nor did he ascertain whether defendant actually was instructed by defense counsel as to his right to a jury trial.

## Evidence at Trial

According to the evidence adduced by the prosecution, on September 24, 1965, at 1:15 a. m., Ernest Woike was attacked from the rear on the south side of the 3100 block of East 92nd Street. The assailant knocked Woike unconscious and cut both of his pockets. Officers James O'Brien and John Miller observed the assault in progress as they were driving westbound on 92nd Street in their

148

squad car. There was no eastbound traffic on the street and the officers' view was undisturbed. The lighting at the scene of the attack was "very good," a street light being directly overhead. When the officers arrived the assailant was bent over Woike. He (assailant) then straightened up, looked directly at the officers for a short period of time, dropped a knife and started running along the I. C. tracks adjacent to the scene of the incident. Officer O'Brien gave pursuit and fired a warning shot into the air which the assailant failed to heed. The officer then fired two shots at the assailant who fell to the ground, crawled beneath a parked train and escaped. Approximately fifteen minutes later the defendant was found by Officer Aloysius Bayer in an apartment less than one block from the scene of the assault in the direction that the assailant fled. Defendant was bleeding from a bullet wound in the abdomen, the bullet having entered through his back. Officer Bayer testified that the defendant told him that he was shot by a railroad policeman on 92nd Street. Officer James Houtsma testified that he first saw the defendant in the emergency room of South Chicago Hospital where the latter was being treated for his wound; that defendant was conscious; that defendant was then placed in the rear of the patrol wagon on a stretcher to be transported to Cook County Hospital; and defendant told him that: "I'm sorry I tried to rob this man, if I had known I was going to be shot by the police I wouldn't have tried." Officers Miller and O'Brien both testified that they identified defendant as the assailant while he (defendant) was being treated in South Chicago Hospital.

Defendant testified that he worked until 2:00 a. m. on the day in question and then had breakfast with his employer at a nearby grill; that some time after 3:00 a. m., while walking home alone down 92nd Street, he was shot; that he went to his girl friend's house (apparently the same house in which defendant was found), told her

149

■■■■

he had been shot and requested that she call the police; that he then became unconscious and regained consciousness at Cook County Hospital. After he regained consciousness defendant denied any knowledge of the assault on Earnest Woike. At trial defendant denied telling Officer Bayer that he was shot by a railroad policeman and also denied admitting to Officer Houtsma that he was the assailant. Neither defendant's employer with whom he allegedly ate breakfast, anyone else in the grill, nor defendant's girl friend testified on his behalf.

### Opinion

■■ 1. The constitutional right to a trial by jury in criminal cases has been incorporated into the Illinois Criminal Code (Ill Rev Stats 1965, c 38, § 115–1). This right may be waived only in accordance with Illinois Revised Statutes, 1965, chapter 38, section 103–6, which provides:

> Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court.

The record in the instant case does not reveal that defendant at any time was instructed as to his right to a jury trial. It is uncontradicted that the defendant was an illiterate. While the trial judge ordered that defense counsel instruct the defendant as to the nature of a jury trial (and in fact a conference was then held) there is no stipulation in the record as to the subject matter of that conference and we cannot presume that the defendant was properly informed of his rights. After the conference the trial judge did not ask defendant whether he then knew of his right to a jury trial. Under all of the circumstances of this case we find that the right to a jury trial was not understandingly waived by defendant in open court. We do not agree with appellate counsel for defendant that since defendant was illiterate

under no circumstances could he have understandingly waived his right to a jury trial. Under the circumstances of this case, after the conference between defendant and his counsel the trial judge should again have inquired of defendant whether he knew what a jury trial was and whether he wished to be tried by a jury. If defendant again answered in the negative and could not be made to understand his right to a jury trial, then he must be granted a trial by jury.

██ ██ 2. We find that the evidence was sufficient to sustain the conviction of attempted robbery. Police Officers O'Brien and Miller had a clear view of the defendant who was beneath a street light; the police fired shots at the fleeing assailant, and defendant was found with a bullet wound which entered through his back; and defendant admitted the crime to Officer Houtsma. Moreover, the explanation given by defendant at trial with regard to his wound contradicted that given to Officer Bayer at the time of his arrest; and none of the witnesses who could corroborate defendant's testimony appeared in court nor was any explanation given as to the reason they did not appear. The credibility of the witnesses is for the trier of fact to determine and we will not substitute our judgment therefor.

**Holding on Appeal**

We find that the defendant was proven guilty beyond a reasonable doubt of attempted robbery. However, we also find that defendant did not understandingly waive in open court his right to a jury trial. Therefore the judgment of the trial court is reversed and the cause remanded for a new trial in a manner not inconsistent with this opinion.

Reversed and remanded.

ENGLISH, P. J. and McCORMICK, J., concur.