**People of the State of Illinois, Plaintiff-Appellee, v. Lloyd Bell (Impleaded), Defendant-Appellant.**

**Gen. No. 51,741.**

First District, Fourth Division.

September 11, 1968.

Rehearing denied and supplemental opinion
February 14, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, and Marshall J. Hartman, Assistant Public Defenders, of counsel), and Professor James R. Thompson, Northwestern University School of Law, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel), for appellant.

MR. JUSTICE DRUCKER delivered the opinion of the court.

After a bench trial defendant was found guilty of attempted robbery, attempted murder and aggravated battery. He was sentenced to not less than ten nor more than twenty years in the Illinois State Penitentiary for the count of attempted murder and not less than five nor more than ten years for each of the other two counts, the sentences to run concurrently. On appeal his sole contention is that he did not knowingly and understandingly waive a jury trial.

Illinois has codified the constitutional right to a jury trial and the conditions under which it can be waived, providing in the Criminal Code that:

> Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court. (Ill Rev Stats, c 38, § 103–6 (1965).)

It is the duty of the trial judge to see that a jury waiver is understandingly made. Whether such a waiver has been understandingly made rests on the peculiar facts of each case and cannot be governed by any precise formula. People v. Wesley, 30 Ill2d 131, 195 NE2d 708.

At the trial the following colloquy took place:

> "The Court: All right. And then we can proceed to trial with Bell.
> "Will this be a bench?
> "Mr. Fishman (defendant's attorney): Yes, Your Honor, the defense, the defendant is ready for trial.
> "The Court: The State is ready?
> "Mr. Moran (Assistant State's Attorney): The State is ready, yes.
> "Mr. Fishman: This is a jury waiver.
> "Do you know what a jury is?
> "Defendant Bell: A what?
> "Mr. Fishman: A jury trial is?

480

"And you don't want a jury trial, is that right?

"Defendant Bell: No.

"Mr. Fishman: Sign that.

"The Court: All right, this document you have signed, you know this is a waiver of a jury?

"Defendant Bell: Yes.

"The Court: All right, you have signed it."

Defendant contends that he was not adequately apprised of his right to a jury with the result that he did not understandingly waive such right, citing People v. Turner, 80 Ill App2d 146, 225 NE2d 65.

█ The State argues that the instant case is controlled by People v. Palmer, 27 Ill2d 311, 189 NE2d 265, where the court found that the jury was properly waived. However, there the defendant confirmed in the presence of the judge that his attorney had explained the meaning of his right to a jury trial to him and the judge himself then gave him a brief explanation. The State also cites People v. Richardson, 32 Ill2d 497, 207 NE2d 453. In that case the court pointed out that there had been an opportunity for defendant's attorney to consult with defendant concerning a jury waiver during a short break in the proceedings. In the instant case there was no pause for the explanation of a jury trial. Moreover, defendant never manifested an understanding of the nature of a jury trial. His only response when questioned about this was "A what?" Nor are we apprised of any other indication that defendant knew or was then informed of the meaning or consequences of a jury waiver. We believe that under these circumstances defendant's waiver was not understandingly made and that this case should be reversed and remanded for a new trial.

Reversed and remanded.

McCORMICK, P. J. and ENGLISH, J., concur.

481

## SUPPLEMENTAL OPINION

 In its petition for rehearing appellee reargues his position that the jury waiver in the instant case was proper. In People v. Surgeon, 15 Ill2d 236, 154 NE2d 253 the Supreme Court stated:

> The trial court is charged with the duty to see that the election of an accused to forego a trial by jury is both expressly and understandingly made. *That duty cannot be perfunctorily discharged.* [Emphasis added.] (People v. Fisher, 340 Ill 250.)

This principle has been reaffirmed in People v. Wesley, 30 Ill2d 131, 195 NE2d 708, People v. Clark, 30 Ill2d 216, 195 NE2d 631, and People v. Richardson, 32 Ill2d 497, 207 NE2d 453. Section 103–6 of the Code of Criminal Procedure (Ill Rev Stats, c 38, § 103–6 (1963)) for the first time added the word "understandingly" into the provision concerning jury waivers.

It takes but a few moments of a trial judge's time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury. This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers.

Appellee relies on People v. Brokowski, 25 Ill2d 497, 185 NE2d 241. In that case defendants urged that the failure of the record to show any arraignment, plea or jury waiver required a reversal of the conviction. The court held at page 500:

> The defendants were represented by counsel and proceeded to trial without objection. The only reasonable inference from the record is that the case was tried upon the assumption that the defendants

had pleaded not guilty and had waived their right to a jury trial.

However in that case the court also said:

> In their argument, however, defendants do not deal with the effect of the failure of the record to show a jury waiver, and, therefore, this point has been waived, except insofar as it is inseparable with the failure to show a plea.

Appellee has also cited as an additional authority the recent case of People v. Novotny, 41 Ill2d 401, 244 NE2d 182. In that case defendant's counsel in the presence of the defendant waived a jury trial after the State's Attorney reduced the charge from a felony to a misdemeanor. The Supreme Court held that a defendant need not necessarily announce his waiver of a jury personally since the defendant speaks and acts through his attorney. However, the court then stated:

> It is not necessary for us, however, to expressly hold in this case that the silent acquiescence of the defendant during the oral announcement by this attorney that a jury trial was waived was sufficient ratification of his attorney's act to effectively bind defendant to the consequences of that act. There is the additional unique factor that the jury waiver was the quid pro quo for the reduction of the seriousness of the charge. At the time that defense counsel acted on behalf of his client to waive a jury trial, he was pursuing a strategy by which the defendant gained the distinct and critical advantage of having the charge against him reduced substantially.

We do not believe that Novotny should change our determination in the instant case. Defense counsel was seeking an expression from the defendant about his

waiver of a jury trial. Defendant's questioning answer should have alerted the trial court to the need of an explanation of what a jury trial was and of his entitlement to a jury trial so that defendant could understandingly decide whether or not he wished to waive a jury trial.

Appellee suggests that if there is any question about the waiver we should remand only for the limited purpose of having a hearing to determine whether the defendant knowingly and understandingly waived his right to a jury trial. He argues that in many cases where confessions were admitted without a hearing on the voluntariness of the confession the courts have remanded for the limited purpose of conducting a hearing to determine the voluntariness of the confession. In the instant case there was a hearing concerning the jury waiver. The fact that it was not as comprehensive as it should have been does not warrant a new hearing thereon.

The petition for rehearing is denied.*

ENGLISH, J., concurs.

McCORMICK, P. J., dissenting:

I must dissent from the conclusion of the majority that the petition for rehearing should not be granted.

In the original opinion a colloquy before the court was cited in which the defendant was presented with a jury waiver and informed concerning it by his attorney. The defendant was then asked if he knew what a jury is, and he asked "A what?" His attorney said, "A jury trial is?"

---

*For the first time appellee apprises us in his petition for rehearing that in the hearing on mitigation and aggravation it was ascertained that defendant had prior experience in the courts, e. g., a ninety-day sentence in 1964 and a ninety-day sentence in 1965. We cannot say that this experience necessarily shows that defendant had knowledge of his right to a trial by jury or that the trial judge at the pretrial stage, without information of this record, could determine defendant's knowledge or understanding except by what transpired before him at that time.

484

and repeated the question. No answer appears in the record, but immediately after that the defendant's attorney said, "And you don't want a jury trial, is that right?" The defendant said no, and signed the waiver. The colloquy continued as follows: The Court: "All right, this document you have signed, you know this is a waiver of a jury?" Defendant Bell: "Yes." The Court: "All right, you have signed it." The implication is that the defendant nodded in response to the question with reference to his knowledge of what a jury or a jury trial was.

In its petition for rehearing the State argues that the cause should be remanded only to determine whether or not the defendant understandingly waived his right to a jury trial. In the supplemental opinion the court takes the view that the fact that the jury waiver hearing was not as comprehensive as it should have been does not warrant a new hearing. The point is whether or not the defendant responded affirmatively to the question asked him by his attorney. That cannot be determined from the record, and for that reason I feel this court should remand the case to the trial court for a rehearing on the question of whether the jury waiver was intelligently and properly made. In the instant case there is no question that if the jury was properly waived the defendant was convicted beyond a reasonable doubt.

In People v. Richardson, 32 Ill2d 497, 207 NE2d 453, the Supreme Court said at page 499:

"Whether a jury waiver has been knowingly and understandingly made depends upon the facts and circumstances of each case, and there can be no precise formula for determining whether a waiver is understandingly made. . . . Merely because the court did not at length discuss the consequences of the jury waiver does not necessarily require a holding that the waiver was not understandingly made. . . . [W]e believe that this record indicates that de-

fendant understandingly waived his right to trial by jury."

In the supplemental opinion the court has cited and quoted from People v. Novotny, 41 Ill2d 401 244 NE2d 182. Following the quotation cited in the opinion, the court in Novotny further said:

" 'It is settled law that when an accused is present in court and represented by competent counsel, he is bound by the actions and concessions of counsel, and that even constitutional rights may be waived in the course of a trial.' [Citing numerous cases.]"

The writer of this dissent believes that the rights of the People must be considered equally with the rights of the defendant in a criminal case. The cause should be remanded for a determination of whether the defendant knowingly waived his right to a jury trial. If it is so determined, a new judgment of conviction should be entered. If it is determined that he did not knowingly waive his right, then a new trial should be ordered.