**People of the State of Illinois, Plaintiff-Appellee, v. Tommie Williams, Defendant-Appellant.**

**Gen. No. 52,607.**

First District, Second Division.

May 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

No brief for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty at a bench trial of the crime of robbery and was sentenced to a term of one year to three years in the penitentiary. On appeal his sole contention is that he did not knowingly and understandingly waive his right to a trial by jury.

111

After the case was called and both sides announced they were ready for trial, the following colloquy occurred:

The Court: Is this a bench or a jury?

Mr. Vyzral (defendant's attorney): It will be a bench trial, Judge.

Mr. Horsky (assistant state's attorney): Will you execute a jury waiver?

The Court: Yes. Will you come forward?

Mr. Williams, your counsel advises me that you wish to waive your right to a jury trial and submit your cause to the court. Before permitting you to do so, it is my duty to advise you that under the law you have a right to a jury trial, if you desire.

Knowing your right, your legal right to a jury trial, do you wish to waive your right to a jury trial and submit your case to this court without a jury?

Mr. Vyzral: Do you understand that?

Defendant: (Nodding.)

Mr. Vyzral: Do you want to waive a jury?

Defendant: No.

The Court: Do you want a jury or don't you?

Defendant: No.

Mr. Vyzral: You want a bench trial?

Defendant: Yes.

The Court: You may indicate that by signing a jury waiver now being handed to you by your counsel.

The record shows that the defendant signed a document waiving a trial by jury. The document was filed.

112

■ Whether an accused has knowingly and understandingly waived his right to be tried by a jury depends upon the circumstances of each individual case, inasmuch as there exists no precise procedure or formula which the trial court may follow in accepting a jury waiver. People v. Wesley, 30 Ill2d 131, 133, 195 NE2d 708.

■ After the statement to the defendant that the court had been advised by defendant's counsel that defendant wished to waive a jury, the trial court clearly and explicitly advised defendant of his right to be tried either by a jury or by the court. Defendant's private counsel then asked defendant if he understood what the court had explained to him, to which defendant answered in the affirmative and which he indicated by the commonly employed gesture of a nod of the head. It is quite apparent from the colloquy which transpired thereafter that defendant misunderstood the term "waive" when his counsel asked him if he wanted to "waive a jury." The following two questions propounded to the defendant by the court and by his private counsel leave no doubt that defendant desired to be tried by the court rather than by a jury. See People v. Novotny, 41 Ill2d 401, 408–411, 244 NE2d 182. We believe that the record establishes that defendant knowingly and understandingly waived his right to a trial by jury.

People v. Bell, 104 Ill App2d 479, 244 NE2d 321, relied upon by defendant in support of this position, involved a situation where the defendant was not adequately advised of his right to a trial by jury, as appears from the portions of the record quoted in that opinion. (It should be noted that the Court in the Bell case adhered to its position in a subsequently filed supplemental opinion denying rehearing (see 104 Ill App2d at 482), but that one of the two Justices who concurred in the original opinion filed a dissent to the supplemental opinion, stating

in part, at page 485, that an implication existed in the record that the defendant responded in the affirmative when asked a question with regard to his understanding of what a jury or a jury trial was.) As stated above, each case must be determined upon its own circumstances; the Bell case involves circumstances clearly differing from those in the case now before us.

For these reasons the judgment is affirmed.

Judgment affirmed.

LYONS, P. J. and McCORMICK, J., concur.