**People of the State of Illinois, Plaintiff-Appellee, v. Sidney J. Collins, Defendant-Appellant.**

**Gen. No. 52,830.**

First District, Third Division.

June 26, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Howard Levine, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

The defendant, Sidney J. Collins, after a trial without a jury was found guilty of attempted rape and burglary with intent to commit rape. He was sentenced to terms of five to fourteen years for each offense, said sentences to run concurrently.

Since the only issue presented for review is whether the defendant's jury waiver was understandingly made, there is no need to discuss the facts surrounding the burglary and attempted rape.

At the outset of the trial, the following colloquy took place:

> MR. TOOLE: (Counsel for Defendant) "Mr. Collins is ready for trial. He wants to be tried by a bench trial, is that correct, Mr. Collins?"
>
> DEFENDANT COLLINS: "Yes."
>
> THE COURT: "You understand that you have a right to a jury trial?"
>
> DEFENDANT COLLINS: "Yes."
>
> THE COURT: "You are indicating that you are waiving this right, Mr. Collins, you wish to be tried by the Court?"
>
> DEFENDANT COLLINS: "Yes."

THE COURT: "You can indicate that by signing a jury waiver, please."

MR. TOOLE: "Sign that."

(Jury Waiver Signed.)

 It is well established that an accused's waiver of his right to trial by jury must be "understandingly" made by him in open court. (Ill Rev Stats, 1965, c 38, § 103–6; People v. Richardson, 32 Ill2d 497, 207 NE2d 453.) The defendant argues that the above-quoted colloquy reveals that such a waiver was not understandingly made by him since there was no specific explanation by the trial judge as to the meaning and significance of a jury trial. In so arguing the defendant heavily relies upon the opinion and supplemental opinion in People v. Bell, 104 Ill App2d 479, 244 NE2d 321, wherein the court held that the defendant was not adequately apprised of his right to a jury trial and as a result he did not understandingly waive such a right. We are of the opinion that the Bell case is readily distinguishable from the case at bar. In Bell when the defendant was asked if he knew what a jury was he replied, "A what?" The Bell court said at page 484 in its supplemental opinion:

> "Defendant's questioning answer should have alerted the trial court to the need of an explanation of what a jury trial was and of his entitlement to a jury trial so that defendant could understandingly decide whether or not he wished to waive a jury trial."

It is most significant that in the instant case there was nothing said or asked by the defendant to alert the trial judge to the need to give the defendant any further explanation of the nature of a trial by jury. We believe that it would be an unwarranted extension of the Bell case to read that decision as requiring such an explana-

460

tion in all cases. Whether a jury waiver has been understandingly made rests on the peculiar facts and circumstances in each case, and there is no precise formula to be employed in determining whether a waiver is understandingly made. (People v. Richardson, supra; People v. Wesley, 30 Ill2d 131, 195 NE2d 708.) In the instant case the record does not disclose that the defendant was at any time confused or ignorant as to his right to a jury trial. The defendant indicated that he knew of his right and further indicated that he wished to waive his right. Under these facts, we must conclude that Collins understandingly waived his right to a jury trial.

Judgment affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.