**People of the State of Illinois, Plaintiff-Appellee, v. Eddie Monden, Defendant-Appellant.**

**Gen. No. 53,053.**

First District, Fourth Division.

October 8, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Patrick T. Driscoll, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

OFFENSE CHARGED

Armed robbery. Ill Rev Stats (1965), c 38, § 18–2.

JUDGMENT

After a bench trial, defendant was found guilty of armed robbery and sentenced to a term of 2 to 5 years.

CONTENTION ON APPEAL

Defendant's only contention on appeal is that the court erred in accepting his jury waiver.

EVIDENCE

When the case was initially called for trial, defendant and his attorney (Asst. Public Defender Toole), along with the codefendant, Taylor, engaged in the following colloquy with the court:

> THE CLERK: "Theodore Taylor, Eddie Monden."
> MR. TOOLE: "May I have a jury waiver, please?"
> THE COURT: "Is this a bench or a jury?"
> MR. TOOLE: "It is a bench, Judge."
> THE COURT: "Is that correct, Mr. Taylor?"
> THE DEFENDANT TAYLOR: "Yes, sir."
> THE COURT: "Mr. Monden?"
> THE DEFENDANT MONDEN: "Yes, sir."
> THE COURT: "You understand, each of you, you have a right to a jury trial. You are waiving that right, Mr. Taylor?"
> THE DEFENDANT TAYLOR: "Yes, sir."
> THE COURT: "Mr. Monden?"
> THE DEFENDANT MONDEN: "Yes."
> THE COURT: "Indicate that by signing a jury waiver."
> MR. TOOLE: "For the record, I am tendering to the Court jury waivers which have been signed by the defendants."

THE COURT: "Ready to proceed?"
MR. MORAN: "Yes."

██ ██ The doctrine is well entrenched that it is the trial judge's responsibility to insure that the waiver of a jury trial is knowingly and understandingly made. Boykin v. Alabama, 395 US 238; People v. Mims, 42 Ill2d 441, 248 NE2d 92; People v. Wesley, 30 Ill2d 131, 195 NE2d 708; People v. Brownlow, 114 Ill App2d 458, 252 NE2d 685. Whether a waiver has been knowingly and understandingly made depends upon the facts and circumstances of each case, and there can be no precise formula for determining the issue. People v. Palmer, 27 Ill2d 311, 189 NE2d 265.

██ The instant facts indicate that defendant's attorney made the initial request for a bench trial, but that the judge subsequently asked the defendants, in essence, what type of trial they wanted. Defendant reaffirmed his attorney's reply that it was to be a bench trial. The judge then pursued the matter further by informing defendant of his right to a jury trial and posing the specific question of waiver directly to defendant. Defendant reiterated his waiver orally, and also signed a jury waiver form.

Defendant cites People v. Bell, 104 Ill App2d 479, 244 NE2d 321, to support his contention, but it is factually distinguishable from the case at bar. In Bell, this court stated:

> . . . defendant never manifested an understanding of the nature of a jury trial. His only response when questioned about this was "A what?" Nor are we apprised of any other indication that defendant knew or was then informed of the meaning or consequences of a jury waiver.

The circumstances before us, however, indicate a concern on the part of the trial court to inform defendant of his

constitutional right to a jury trial. The court also questioned defendant directly and received responses, both orally and in writing, adequate to indicate, in our opinion, that defendant knowingly and understandingly waived his right to trial by jury.

The conviction is affirmed.

Affirmed.

DRUCKER, P. J. and McNAMARA, J., concur.