**People of the State of Illinois, Plaintiff-Appellee, v. Kurt Spencer, Defendant-Appellant.**

**Gen. No. 53,142.**

First District, Third Division.

October 9, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a nonjury trial the defendant was found guilty of theft of a ring valued at more than $150. The court after a hearing in aggravation and mitigation imposed a sentence but immediately put the defendant on probation for three years, the first thirty days thereof to be spent in the House of Correction. As the only contention raised on appeal is that defendant's waiver of his right to a jury trial was not "understandingly" made, we here present the colloquy between the court, the defendant and his lawyer relating to the jury waiver:

THE CLERK: "The People of the State of Illinois versus Kurt Spencer."

MR. TOOLE [Defendant's attorney]: "We are ready for trial, Judge, this will be a trial by the court."

THE COURT: "You understand, Mr. Spencer, you have a right to trial by jury?"

DEFENDANT: "Yes, your Honor."

THE COURT: "You are waiving that right and you wish to be tried by this court?"

DEFENDANT: "Yes, I do, your Honor."

THE COURT: "Will you indicate that by signing the jury waiver, please?"

DEFENDANT: "I'll do that."

MR. TOOLE: "For the record, I'm tendering to the court a jury waiver signed by the defendant, Kurt Spencer."

■■■

■ The statute provides that anyone accused of a criminal offense has the "right to a trial by jury unless understandingly waived by the defendant in open court." Ill Rev Stats, c 38, § 103–6 (1965). Whether such a waiver has been understandingly made depends upon the facts and circumstances of each case. People v. Wesley, 30 Ill2d 131, 195 NE2d 708; People v. Suarez, 96 Ill App 2d 153, 237 NE2d 841. In the case before us the record shows that the defendant was informed of his right to trial by jury and that this right could be waived and that if he waived it, he would be tried by the court.

■■ As the issue involved is the understanding of the defendant, the duty imposed upon the court is to see that the defendant is informed, in words and language he understands, of his right to a jury trial. There can be no specific or defined formula to follow in determining whether a jury waiver is understandingly made. People v. Crable, 80 Ill App2d 243, 225 NE2d 76. We must assume however in the absence of anything to the contrary that "waiver" and "jury" are words that are commonly understood.

Defendant relies heavily on People v. Bell, 104 Ill App2d 479, 244 NE2d 321. The facts of that case are clearly distinguishable from those now before the court. In Bell the following colloquy took place when the case was called:

MR. FISHMAN [Defendant's attorney]: "This is a jury waiver. Do you know what that is?"

DEFENDANT BELL: "A what?"

MR. FISHMAN: "A jury trial is? And you don't want a jury trial, is that right?

DEFENDANT BELL: "No."

MR. FISHMAN: "Sign that."

THE COURT: "All right, this document you have signed, you know this is a waiver of jury?"

400

DEFENDANT BELL: "Yes."

The court, on the basis of the foregoing dialogue, held that the defendant was not properly apprised of his right to a jury trial and that his attempted waiver was, therefore, ineffective because not understandingly made. That holding rested on a finding that the "defendant never manifested an understanding of the nature of a jury trial. His only response when questioned about this was 'A what?'" His lawyer then said, "A jury trial." The court, unable to find anything that explained to the defendant the meaning or consequences of a jury waiver, concluded that "under these circumstances defendant's waiver was not understandingly made. . . ." In a supplemental opinion denying a petition for rehearing the court said:

> "Defendant's questioning answer should have alerted the trial court to the need of an explanation of what a jury trial was and of his entitlement to a jury trial so that defendant could understandingly decide whether or not he wished to waive a jury trial."

In the recent case of People v. Collins, 112 Ill App2d 458, 251 NE2d 325, we decided that "it would be an unwarranted extension of the Bell case to read that decision as requiring such an explanation in all cases."

█ In the instant case the questions and answers contain no ambiguities and, unlike Bell, no hint of any lack of adequate understanding. On the contrary, we think the defendant's desire for a nonjury trial was clear and unmistakable. Accordingly the judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.