THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH TALLEY, Defendant-Appellant.

(No. 70-139; )

Fifth District—February 18, 1971.

Morton Zwick, Director, Defender Project, of Chicago, (Matthew J. Moran, of Defender Project, of counsel,) for appellant.

Mr. JUSTICE JONES delivered the opinion of the court:

The sole question presented for review in this appeal is whether the court sufficiently advised defendant of his right to trial by jury prior to accepting his plea of guilty to the charge of aggravated battery. The State has filed no brief in this appeal.

Defendant appeared with his attorney for arraignment on May 25, 1970, and entered a plea of guilty. The record discloses that the court was thorough in his admonition to the defendant concerning his rights save in the sector of his right to trial by jury. The only reference the court made concerning the defendant's rights to a trial by jury were:

"THE COURT: Do you know this imprisonment, this punishment may be given after a plea of guilty as well as after a verdict of guilty in a jury trial?

DEFENDANT: Yes, Sir.

(Further Admonitions)

THE COURT: O.K. Now, are you aware of your rights of trial by jury or trial without a jury, and of your right to appeal if found guilty? You know all the safeguards that exist in your favor during a trial?

DEFENDANT: No."

After receiving the negative answer from defendant, the court gave further explanation of defendant's rights, but made no other allusion to his right to a trial by jury. The defendant persisted in his guilty plea which was accepted by the court. Defendant was placed on probation for a term of three years with the first ten months thereof to be imprisonment at the Illinois State Farm.

Defendant contends that the explanation of his rights to a jury trial was insufficient and constitutionally defective. In support of his position defendant cites *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *McCarthy v. United States* (1969), 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; *People v. Mims* (1969), 42 Ill.2d 441, 248 N.E.2d 92; and *People v. Williams* (1970), 44 Ill.2d 334, 255 N.E.2d 385.

In the *Williams* case the defendant challenged the sufficiency of the sentencing court's admonition as to the consequences of a plea of guilty in that the court never advised defendant of his right to a trial by jury. Our Supreme Court noted that under Illinois law as it stood at the time of disposal of defendant's petition for post-conviction relief (January, 1969) the denial of his claim was proper since at the time of defendant's plea of guilty (1961) it was not necessary that defendant be advised of his right to trial by jury. The court stated:

"This conclusion was correct under the law applicable at the time of defendant's 1961 plea of guilty. Our Rule 26 (Ill. Rev. Stat. 1961, ch. 110, par. 101.26) and section 4 of division XIII of the Criminal Code (Ill. Rev. Stat. 1961, ch. 38, par. 732) regulated the proceeding. As we have noted several times, those provisions 'require that before a plea of guilty is accepted, the court must explain the nature of the offense charged and the consequences that may follow if the defendant is found guilty. It is obvious that by pleading guilty the defendant is foregoing his right to a trial of any kind, and therefore we have held that the court is not required to refer explicitly to a right of trial by jury. People v. Dominco, 15 Ill.2d 590.' (People v. Outten, 22 Ill.2d 146, 149, 174 N.E.2d 685, 686; see also People v. Thomas, 27 Ill.2d 331, 189 N.E.2d 247; People v. Marshall, 23 Ill.2d 216, 177 N.E.2d 835.)"

A distinction was drawn where a defendant elected to stand trial but waived his right to trial by jury. In such cases the constitutional right to trial by jury and the condition under which it could be waived was codified:

"Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." Ill. Rev. Stat. 1965, ch. 38, par. 103—6.

A decision pertinent to that statute is *People v. Bell*, 104 Ill.App.2d 479, 244 N.E.2d 321, where it was stated:

"It is the duty of the trial judge to see that a jury waiver is understandingly made. Whether such a waiver has been understandingly made rests on the peculiar facts of each case and cannot be governed by any precise formula."

Also see *People v. Wesley*, 30 Ill.2d 131, 195 N.E.2d 708.

In *Williams, supra,* defendant contended that a decision of the United States Supreme Court rendered subsequent to denial of his post-conviction petition, *Boykin v. Alabama, supra,* required reversal. In the *Boykin* case a defendant entered a plea of guilty in an Alabama court to five counts of common-law robbery, a capital offense. He was arraigned three days after the appointment of counsel and pleaded guilty to all five counts. A jury trial on the issue of punishment resulted in the sentence of death on each count. The Supreme Court reversed, stating, "So far as the record shows, the judge asked no question of petitioner concerning his plea, and petitioner did not address the court. Trial strategy may of course make a plea of guilty seem the desirable course. But the record is wholly silent on that point and throws no light on it." The Supreme Court's final statement was that reversible error occurred "because the record does not disclose that the defendant voluntarily and understandingly entered his plea of guilty."

The court noted the strong resemblance of *Boykin* to the *McCarthy* case which was rendered two months previously, noting that in *McCarthy* the court

"refused to reach any constitutional issues, explicitly restricting the decision to construction of Rule 11 of the Federal Rules of Criminal Procedure, which states: 'A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation failed to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.' The Supreme Court held that in accepting a guilty plea, the Federal judge's failure to personally inquire whether petitioner understood the nature of the charge constituted reversible error, rejecting the argument that 'since petitioner stated his desire to plead guilty, and since he was informed of the consequences of his plea,' the Dis-

trict Court 'could properly assume that petitioner was entering that plea with a complete understanding of the charge against him.'"

The defendant in the *Williams* case contended that the rule in *Boykin*, particularly in light of its similarity to *McCarthy*, required reversal of any conviction obtained upon a plea of guilty if the trial judge's acceptance of the plea is not predicated upon the judge's explicit admonition to the defendant, on the record, regarding his waiver of the right to a jury trial. The court assumed *arguendo* that defendant's analysis of *Boykin* is correct but determined that *Boykin* was not controlling since neither the *McCarthy* case (as determined by the United States Supreme Court) nor the *Boykin* case would have retroactive application. The court concluded the pre-*Boykin* law supported the judge's acceptance of Williams' guilty plea without specific reference to the attendant waiver of the right to jury trial.

In *People v. Mims, supra* (May, 1969), the Illinois Supreme Court in commenting upon the *McCarthy* decision *supra* stated "that opinion emphasises the importance of personal inquiries addressed to the defendant to ascertain directly his understanding of the nature of the charge against him. And although that decision was 'based solely' upon the Supreme Court's construction of Rule 11 of the Federal Rules of Criminal Procedure, the underlying reasons apply equally to Rule 401 of this court."

■■ While *Boykin* and *McCarthy* speak in reference to admonishing defendant of his rights and the consequences of his plea, they do not refer specifically to the right of trial by jury, but the right of jury trial was the specific issue in *Williams*. We think the import of these cases is clear, that subsequent to the *Boykin* case, where a defendant enters a plea of guilty to a criminal charge the record must affirmatively show that he was advised of his constitutional right to a trial by jury and that he thereafter knowingly and understandingly waived that right. This result is buttressed by the fact that the Illinois Supreme Court adopted Rule 402(a)(4) (Ill. Rev. Stat., 1969, ch. 110A, par. 402(a)(4), adopted June, 1970; effective September 1, 1970) which provides that a court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him and determining that he understands that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right of a trial by jury and the right to be confronted with the witnesses against him.

■■ After asking defendant if he understood his rights to a jury trial and receiving defendant's negative answer, the court made no attempt to explain such rights. Rather than reflecting defendant's understanding

waiver of his right to jury trial, the record affirmatively shows the defendant did not know of such right and therefore was incapable of an understanding waiver thereof. We therefore reverse defendant's conviction and remand this case to the trial court with directions for the trial court to permit the defendant to withdraw his plea of guilty and plead anew.

Reversed and remanded.

EBERSPACHER, P. J., and MORAN, J., concur.