THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* LUIS RUIZ, Petitioner-Appellant.

First District (5th Division)    No. 62457

Opinion filed October 8, 1976.

James R. Streicker and Allen L. Wiederer, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and David A. Novoselsky, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the dismissal, after an evidentiary hearing, of an amended post-conviction petition. Defendant had pleaded guilty to the offense of aggravated battery and, in a bench trial, had been found guilty of the offenses of attempt murder, rape, and indecent liberties with a child. In his direct appeal, this court reversed the convictions of attempt murder and indecent liberties and affirmed the convictions for aggravated battery and rape, for which he had been sentenced to consecutive terms of 5 to 10 years and 10 to 25 years respectively. *People v. Ruiz* (1967), 82 Ill. App. 2d 184, 226 N.E.2d 438.

Initially, the amended post-conviction petition had been denied, without an evidentiary hearing, on the basis that it failed to state any violation of substantial constitutional rights. This determination was reversed and the cause remanded for an evidentiary hearing on the sole question of whether defendant's waiver of a jury trial was knowingly and understandingly made. (*People v. Ruiz* (1974), 24 Ill. App. 3d 449, 321 N.E.2d 746.) The trial court, after reviewing the record and hearing defendant's testimony, found that his waiver had been knowingly and understandingly made and thus denied the petition. From this judgment,

he appeals and presents two issues—(1) whether the trial court erred in its determination that he knowingly and understandingly waived his right to a jury trial; and (2) whether he was denied due process when the court considered matter outside of the record.

Defendant was born in Mexico in 1930. From 1955 to 1963, he visited the State of Arizona on several occasions and remained there for periods of short duration. During these visits, he conversed only with those who could speak Spanish. In 1963, he moved to the United States on a permanent basis, married, and resided with his wife and her two daughters from a previous marriage.

In December, 1964, defendant responded to questions phrased in English during his arraignment that he didn't have the money to hire an attorney. The public defender was appointed to represent him, and a plea of not guilty was made by counsel to both indictments. At the beginning of his trial, in February of 1965, a request by his attorney that he be allowed to use the services of an interpreter was granted. When his counsel waived trial by jury, the court conducted a colloquy with defendant through his interpreter to ascertain whether he understood his constitutional right to a jury. This colloquy was fully set out in our prior opinion regarding defendant's post-conviction petition and need not be repeated here.

During the course of his 1965 trial, a suburban police chief testified he was able to communicate in English with defendant at the time of his arrest. Defendant's wife, with whom he lived for 14 months, testified that she spoke no Spanish. She further stated that defendant spoke some English and that he conversed with her two daughters, neither of whom spoke Spanish. At one point in the proceedings, defendant indicated he did not fully understand how to pursue his right to appeal, and at his request the interpreter obtained an explanation from the court and then informed defendant of the court's response.

At the evidentiary hearing on his post-conviction petition, defendant was his only witness, as the interpreter was deceased and trial counsel could not remember any details concerning the waiver. The State offered only the 1965 trial report of proceedings, which was admitted. Defendant testified that he was unable to speak English at the time of his trial and that despite numerous requests by him, the interpreter did not explain the meaning of a jury to him nor ask the court or counsel to do so. However, defendant admitted that his interpreter spoke fluent Spanish, that she translated all of the judge's utterances into Spanish for him, and that with the exception of his repeated requests for an explanation of the meaning of a jury, she had apparently translated all of his communications into English for the court. The only explanation he received from her as to the function of a jury was that it was a body composed of 12 persons.

OPINION

■■ Defendant first contends that the trial court erroneously denied his request for post-conviction relief because the evidence established that he did not knowingly and understandingly waive his right to a jury. Whether a jury waiver is knowingly and understandingly made depends on the particular facts and circumstances of each case. (*People v. Richardson* (1965), 32 Ill. 2d 497, 207 N.E.2d 453.) The court has a duty to ascertain whether the waiver had been understandingly made, and this duty cannot be discharged in a perfunctory manner. (*People v. Bell* (1969), 104 Ill. App. 2d 479, 244 N.E.2d 321; *People v. Turner* (1967), 80 Ill. App. 2d 146, 225 N.E.2d 65.) However, an explanation of the ramifications of a jury waiver is necessary only where the facts and circumstances indicate that defendant does not understand his right to trial by jury. (*People v. Beathea* (1974), 24 Ill. App. 3d 460, 321 N.E.2d 458; *People v. Spencer* (1969), 115 Ill. App. 2d 398, 253 N.E.2d 672.) Furthermore, a defendant is held to have knowingly and understandingly waived a jury trial when his attorney with whom he had an opportunity to confer waives a jury in his presence and without his objection. (*People v. Sailor* (1969), 43 Ill. 2d 256, 253 N.E.2d 397; *Richardson; People v. Hill* (1968), 102 Ill. App. 2d 77, 243 N.E.2d 491; *People v. Suarez* (1968), 96 Ill. App. 2d 153, 237 N.E.2d 841.) Essentially, defendant here contends that his waiver was not made under any of the above rules, because he could not understand English at the time of his waiver and the only person who could have explained the meaning of his waiver, *i.e.*, the interpreter, did not do so adequately.

In his first post-conviction appeal, on the basis of the limited record we had before us (which contained only two pages of the colloquy and which was fully set out in that opinion), we held that defendant's contention regarding his waiver raised an issue of the possible violation of a substantial constitutional right, and we remanded for an evidentiary hearing. At that hearing, after reviewing the trial report of proceedings and hearing defendant's testimony, the court determined that his waiver had been knowingly and understandingly made. We agree.

The burden is on a petitioner seeking post-conviction relief to demonstrate a denial of a constitutional right (*People v. Smith* (1970), 45 Ill. 2d 399, 259 N.E.2d 247), and where witnesses are presented, the credibility and weight to be given the testimony adduced during the evidentiary hearing is a matter to be determined by the trial court, and that determination is not to be questioned unless it appears to be manifestly erroneous (*People v. Watson* (1972), 50 Ill. 2d 234, 278 N.E.2d 79).

■■ Here, the trial record discloses that defendant spoke some English at the time of his jury waiver; that the use of the interpreter during the proceeding was, as stated by his counsel, only to aid defendant in

achieving a "greater clarity and understanding" of the proceeding; and that, on the one occasion when defendant did not understand how to protect his right to appeal, he expressed his uncertainty to the interpreter and sought clarification from the court. Defendant's own testimony during the post-conviction hearing established that some of the colloquy between the court and the interpreter during his trial was, in fact, a communique between the court and himself. The explanation of the nature of a jury was quite explicit from the questions of the court, which were translated to him in Spanish, and his understanding of this explanation is apparent from the nature of his, responses, which were translated into English by the interpreter. The fact that defendant is an alien does not prevent his waiver from being knowingly and understandingly made where, as here, his responses to the court's questions were positive and direct. (*People v. Sadeghzaden* (1970), 124 Ill. App. 2d 375, 260 N.E.2d 447.) Thus, we hold that the court properly refused to grant defendant's petition on this ground.

■■ Defendant next contends that he was denied due process of law in the post-conviction proceeding where the trial court relied upon matters of private knowledge outside the record in determining that he was adequately informed of his right to a jury trial. Specifically, defendant complains of the following remarks made by the court during its summation of the evidence:

"Now, I am going to say further that Mr. Graminos, who was representing this fellow, represented to the Court—and I know Mr. Graminos, and I knew him then, and I know him now, and when he said that he had, through the interpreter, explained to this man the consequences of the trial and the hearing and so forth, through the interpreter, I had no reason to doubt that he did.

Furthermore, Mr. Fleischman, who was the State's Attorney, and Mr. DeVito, I knew both of them then and now, and can say that both of these men never proceeded with a hearing unless they thought that the Court and the defendant and everybody else was duly informed."

We believe the court's comments went no further than to reach a conclusion which it was entitled to presume. As stated in *People v. Melero* (1968), 99 Ill. App. 2d 208, 211-12, 240 N.E.2d 756, 758:

"[T]he trial court was entitled to rely on the professional responsibility of defendant's attorney that when he informed the court that his client waived a jury, it was knowingly and understandingly consented to by his client." (See also *Sailor; People v. Scott* (1972), 6 Ill. App. 3d 281, 285 N.E.2d 476.)

This, we believe, was the import of the court's remarks, and we find no error therein.

974

For the reasons stated, the judgment dismissing defendant's amended post-conviction petition is affirmed.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.