STATE *vs.* DEXTER HAYNES. ·

Knox, 1876.—November 27, 1876.

*Arson.*

The owner of a dwelling house who burns it in the night time, is not therefor liable to an indictment for arson, either by the common law, or by R. S., c. 119, § 1.

Nor, when the house is insured, is the servant of such owner, who sets fire to it at the instance of, and for the benefit of such owner, for the purpose of defrauding an insurance company, liable to an indictment under R. S., c. 119, § 1.

R. S., c. 119, § 1, provides: "Whoever willfully and maliciously sets fire to the dwelling house of another, or to any building adjoining thereto, or to any building owned by himself or another, with intent to burn such dwelling house, and it is thereby burnt in the night time, shall be punished with death." *Held,* that while this section in terms excludes only the owner of the dwelling house, it does also, by reasonable construction, exclude the servant of such owner.

ON EXCEPTIONS.

INDICTMENT for arson, under R. S., c. 119, § 1.

The evidence tended to show that ·the defendant, October 20, 1875, at Rockland, in the night time, set fire to the dwelling house of one Eleanor R. Ingraham, at her instance, and for her benefit, for the purpose of defrauding an insurance company ; and that no person was in the house at the time. The presiding justice instructed the jury in substance that if they believed this evidence, it was sufficient to prove the defendant guilty of the crime charged in the indictment. The verdict was guilty ; and the defendant alleged exceptions.

*D. N. Mortland,* for the defendant.

*L. A. Emery,* attorney general, for the state.

APPLETON, C. J. This is an indictment for arson, under R. S., c. 119, § 1, for feloniously, willfully and maliciously burning in the night time, the dwelling house of Eleanor R. Ingraham.

The evidence tended to prove, and the jury must have found, that the dwelling house of Mrs. Ingraham was burned in the night, under the following circumstances : The house was insured by

Mrs. Ingraham. Being insured, Mrs. Ingraham, her daughter, and the defendant conspired together to burn the house, for the purpose of obtaining the insurance. In pursuance of that object, Mrs. Ingraham left her house on a visit. The daughter was away and out at service. The house was prepared for burning by the removal of the furniture, and the defendant was left to set the fire. All these facts were admitted by the parties implicated, with a praiseworthy candor, and an apparent unconsciousness of any great moral turpitude in defrauding an insurance company, except the fact of burning by the defendant, which he denied, but which it is apparent by their verdict the jury must have found.

The question presented for determination is, whether upon the facts, the indictment can be sustained under R. S., c. 119, § 1, which is in these words: "Whoever willfully and maliciously sets fire to the dwelling house of another, or to any building adjoining thereto, or to any building owned by himself or another, with the intent to burn such dwelling house, and it is thereby burnt, in the night time, shall be punished with death."

Arson, by the common law, is an offense against the security of the dwelling house. The felony of arson or willful burning of houses, is described by my Lord Coke, cap. 15. p. 66, to be, "the malicious and voluntary burning the house of another, by night or by day." 1 Hale's P. C. 566. Our statute in § 1, makes the offense capital only when the burning is in the night, and there is some person lawfully in the dwelling house at the time. But the dwelling house burned must be the dwelling house of another.

In some states the common law has been modified, as in New York, where the willfully setting fire to, or burning any inhabited dwelling in the night time, is made arson, so that the offense may be committed by one's burning his own dwelling house. So in England the British parliament has so modified the law in relation to arson, as to render it immaterial whether the house burned be that of the offender himself, or of a third person. *Shepherd* v. *The People*, 19 N. Y. 537. Stat. 1 Vic., c. 89, § 3. *Reg.* v. *Ball*, 1 Moo. C. C. 30.

The house burned by the defendant, was the house of another. If Mrs. Ingraham had burnt her own dwelling, she would not

have been amenable to the penalties prescribed by § 1. The fire was set at her instance, and for her supposed benefit. The servant obeying, cannot be more guilty than the master commanding. The precise question before us arose in Tennessee, in *Roberts* v. *State*, 7 Cold. 359, and it was there held, that it was not arson to procure one's own house to be burned, and that the guilt of the agent was only co-extensive with the guilt of the principal. It is not arson for a man to burn his own house, or to procure it to be done, for the purpose of defrauding an insurance company. Nor is the agent by whom it is done, guilty of a greater offense than his principal. "An agent," says Hawkins, J., in the case last cited, "who commits an act, can, upon general principles, be guilty of no higher nor greater offense, than the principal would have been had he committed the act himself."

The ruling of the presiding justice was adverse to the views above expressed, and was erroneous.

It becomes, therefore, unnecessary to consider the other questions raised by the exceptions.          *Exceptions sustained.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.