No. 45,567

STATE OF KANSAS, *Appellant*, v. KENNETH CHRISTENDON, *Appellee.*

(468 P. 2d 153)

Opinion filed April 11, 1970.

*Donald H. Humphreys,* County Attorney, argued the cause and *Kent Frizzell,* Attorney General, and *Larry E. Keenan,* Special Assistant County Attorney, were with him on the brief for appellant.

*L. James Berglund,* of Great Bend, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: The State of Kansas appeals from an order dismissing a charge of first degree arson (K. S. A. 21-581) filed against Kenneth Christendon. The charge, as contained in the amended information, describes the property burned as the Parrish Hotel in Great Bend, Kansas, and alleges it was the property of C. C. (Monte) Parrish, the owner thereof, and Bonnie Evitt and other persons, the occupants thereof.

Prior to trial the defendant presented a motion to the court in the nature of a plea in abatement. In support of the motion a transcript of the testimony given at the preliminary hearing was presented to the court. No evidence appears in the transcript to refute the testimony that the owner of the hotel hired the defendant

to burn the property. On oral argument the state admitted that the evidence at a trial would establish that defendant, Christendon, burned the hotel at the request of the owner and that Christendon was motivated by some anticipated reward from the owner. The district court ordered the charge of first degree arson dismissed.

A separate charge of first degree arson against the owner, C. C. (Monte) Parrish was also dismissed. It should be noted that the order of dismissal in the Parrish case was affirmed on appeal by this court. (See *State v. Parrish*, 205 Kan. 33, 468 P. 2d 150.) Based upon our holding in that case a necessary element of the crime of first degree arson as defined in K. S. A. 21-581 is that the building burned be the property of another person.

However, Parrish was convicted of insurance arson and third degree arson. (See *State v. Parrish*, 205 Kan. 178, 468 P. 2d 143.)

The trial court held in the present case that Christendon, who applied the torch to the property at the request and procurement of the owner, could not be guilty of a more serious crime than the owner who hired him. We agree.

First degree arson is defined by K. S. A. 21-581 as follows:

"That any person who willfully sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, *such property being the property of another person*, shall be guilty of arson in the first degree, and upon conviction shall be punished by confinement and hard labor for not less than two nor more than twenty years." (Emphasis added.)

It is not necessary to cite the cases which have previously construed this statute. These cases appear in *State v. Parrish*, 205 Kan. 33, 468 P. 2d 150, which supports the trial court's holding.

The controlling question in the present case is whether a person procured or hired by the owner to burn a building of the owner may be held guilty of first degree arson as defined in K. S. A. 21-581 when the building is burned with an intent by the owner to injure or defraud an insurer as proscribed by K. S. A. 21-584.

In an annotation appearing in 54 A. L. R. p. 1236 the author, commenting on the case of *State v. Craig*, 124 Kan. 340, 259 Pac. 802, says:

"The Craig Case seems to be the only case in which the courts have discussed the effect of a subsequent ratification by the owner of the burning of a building. However, in a number of other cases, the courts have discussed the criminal liability of one who burns a building with the sanction of the owner at the time of the burning, and have held that such a person is not guilty of arson, since, at common law and under most statutes, one cannot be criminally liable for burning his own building, and an agent cannot be more liable than his principal would be if he did the act. [Citing cases.]"

In 5 Am. Jur. 2d, Arson and Related Offenses, § 23, p. 818, it is said:

"If the owner in possession is not guilty of arson in burning his own property, then one who assists the owner in burning it or who burns it at the owner's request is not guilty of arson, for the agent's guilt can only be coextensive with that of the principal."

See also 6 C. J. S. Arson § 15, p. 735.

In this state every person who shall be a principal in the second degree in the commission of any felony, or who shall be an accessory to any felony before the fact, shall be guilty of the offense in the same degree as the principal in the first degree. (K. S. A. 21-105.)

The Ohio Supreme Court in holding an agent's guilt was coextensive with the owner who procured his own property to be burned said in *Haas v. State*, 103 Ohio St. 1, 132 N. E. 158, 17 A. L. R. 1164:

"It is but the application of ordinary logic to say that if the aider and abettor is guilty of the same crime as the principal, and may be prosecuted as a principal, that the principal is guilty of the same crime as the aider and abettor; that in law the action of the one is treated as the action of both, and that the actions of both are no different than though the separate acts of each were performed by one person. . . ." (p. 5)

Under statutes similar to K. S. A. 21-581 the cases are quite uniform in holding that an agent who burns the owner's building at the request of the owner cannot be held guilty of burning the property of another. (*Haas v. State*, supra; *Commonwealth v. Makely*, 131 Mass. 421; *State v. Haynes*, 66 Me. 307; *Elisha Roberts v. The State*, [Tenn.] 7 Cold. 359; *Heard v. State*, 81 Ala. 55, 1 So. 640; *Dedieu v. The People*, 22 N. Y. [Appeals] 178; *State v. Sarvis*, 45 S. C. 668, 24 S. E. 53; *State v. Greer*, 243 Mo. 599, 147 S. W. 968. See also Wharton's Criminal Law and Procedure [Anderson] Vol. II, Arson § 405, p. 20.)

Although the relationship of principal and agent is not technically applicable to criminal law, yet responsibility for burning property generally depends upon the intent or *mens rea* of the owner who

procures the burning. If the owner desires to rid himself of a building by burning and can limit the fire to his own building he may do so. Without a willful or malicious intent he commits no crime. An owner can hire someone to do to his property what he himself may do. The person hired to burn the property of the owner commits no greater crime than the owner.

The reasoning which limits the guilt of the agent arises out of the law of principals and accessories. The person who applies the torch to the property is the principal. The person who procures, counsels and aids the principal to burn the property is the accessory. In theory the accessory (owner) is regarded as constructively present, giving aid, counsel and encouragement to successfully accomplish the common purpose. The separate acts of the accessory (the owner) and of the principal (the torch) unite in one purpose. (See Perkins on Criminal Law [University Textbook Series], Parties to Crime, p. 572.) The purpose in this case, which makes the burning criminal in nature is the owner's intent to defraud the insurer by burning the property. If the defendant knew he was assisting the owner in defrauding the insurer when he set fire to the owner's property he too was guilty of accomplishing the crime proscribed by K. S. A. 21-584. But in any event the purpose accomplished by both accessory and principal remains the same. The purpose was not to burn the property of another person.

When the owner procures another to burn a building of the owner with intent to injure or defraud an insurer as proscribed by K. S. A. 21-584, such burning is not a willful burning of the property of another person as defined in K. S. A. 21-581.

Therefore, the order dismissing the charge of first degree arson against the defendant Christendon was proper.

One additional matter deserves comment. The appeal brief of the state is devoted almost entirely to argument and citations on the authority of a county attorney to commence and control criminal prosecutions within his county. The citations in support of this argument begin with K. S. A. 19-702, *Clough & Wheat v. Hart*, 8 Kan. 487, and run through *State v. Kilpatrick*, 201 Kan. 6, 439 P. 2d 99. The thrust of the argument is that the district judge exceeded his authority and encroached upon the duties of the county attorney by dismissing the charge of first degree arson and by volunteering statements that under the agreed facts the crime lodgable against both Parrish and Christendon was insurance fraud.

We do not view the record as indicating any invasion of the province of the county attorney.

The defendant in a criminal proceeding may present factual matters outside the accusatory pleading in support of a plea in abatement which may render the pleading invalid, or which may tend to impeach the validity of such pleading. (*State v. McCarther*, 196 Kan. 665, 671, 414 P. 2d 59; 21 Am. Jur. 2d, Criminal Law § 468, p. 464.)

In this case it was by agreement of all parties that the court consider facts which were extrinsic to the information. The facts appeared in the transcript of testimony taken at the preliminary hearing. This testimony appears in the record before us. Two of the witnesses testified Christendon told them the owner of the hotel had hired him (Christendon) to burn the hotel. The state does not deny or refute this testimony. It would have been futile to proceed to trial on this amended information in view of the admitted facts.

Under the facts and the law the district judge properly dismissed the charge of first degree arson. The commencement and control of other possible criminal proceedings against the defendant was left entirely in the hands of the county attorney. The statements and suggestions of the district judge were merely volunteered in support of the order of dismissal.

The judgment is affirmed.