No. 45,569

STATE OF KANSAS, *Appellant*, v. C. C. (MONTE) PARRISH, *Appellee*.

(468 P. 2d 150)

Opinion filed April 11, 1970.

*Donald H. Humphreys,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Larry E. Keenan,* Special Assistant County Attorney, were with him on the brief for the appellant.

*William V. Crank,* of Martin, Porter, Pringle, Schell and Fair, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal on a question reserved by the state in a prosecution for arson.

The defendant was charged in an information with three counts:

(1) First degree arson as defined by K. S. A. 21-581;

(2) Burning of insured property as defined by K. S. A. 21-584, and

(3) Accessory after the fact, as defined by K. S. A. 21-106.

On the question reserved by the state we are only interested in Count 1 of the information which charged:

"on or about the 8th day of October, 1967, in said County of Barton and State of Kansas, one C. C. (Monte) Parrish, then and there being, did then and there unlawfully, feloniously, and willfully, set fire to, or caused to be burned, or aid, counsel, or procure the burning of a dwelling house, The Parrish Hotel, 12th & Main Streets, Great Bend, Kansas, such property being the property of another, to-wit: Bonnie Evitt and other persons, said property being occupied at the time by said Bonnie Evitt and other persons, all in violation of KSA 21-581."

The statute covering arson in the first degree (K. S. A. 21-581) reads:

"That any person who willfully sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, such property being the property of another person, shall be guilty of arson in the

first degree, and upon conviction shall be punished by confinement and hard labor for not less than two nor more than twenty years."

At the pretrial hearing the defendant moved the trial court for an order dismissing Count 1 of the information for the reason that the hotel was the property of the defendant. The state admitted that the defendant owned the hotel. On such admission the trial court sustained the motion to dismiss.

The defendant was brought to trial on an amended information and convicted of burning insured property and burning the personal property of another. (*State v. Parrish,* 204 Kan. 178, 468 P. 2d 143.)

The evidence presented at the trial on an amended information disclosed that there were sixteen to eighteen persons registered at the hotel on the date of the fire. Several of the guests made the hotel their permanent residence, paying for their room by the week. The others were day guests. The appellant assumes we have the right to consider such evidence. The appellee does not challenge the assumption. We, therefore, accept the facts without determining the propriety of their origin.

The appellant, the state, contends that the guests in the hotel had a right of occupancy to their rooms and such right constituted "property of another" as that term is used in K. S. A. 21-581 defining first degree arson.

Simply stated, is the right to occupy a room in which one is a guest at a hotel a "property right" so as to be covered by the term "property of another" should the hotel be intentionally burned by the owner?

The appellant states its contention as follows:

"Plaintiff's contention was, and is, that the crime of first degree arson, with particular reference to the words 'property of another', is not only a crime against *ownership* but also a crime against *possession,* occupancy, or habitation. . . ."

The appellant suggests that to determine the proper construction to be given the phrase "property of another" as used in the statute we need to look to the common law antecedents and our attention is called to 5 Am. Jur. 2d, Arson, § 6, p. 805, where it is said:

"A necessary element of the crime of arson at common law was that the house burned be that 'of another.' Since common-law arson was an offense against possession rather than property, the phrase 'of another' meant in the possession of another. Thus, an owner in possession and a person in sole

lawful occupancy could not be guilty of arson, although an owner out of possession could."

This court renounced appellant's theory in *State v. Shaw,* 79 Kan. 396, 100 Pac. 78. In dealing with an arson case in which a husband had burned his wife's house, we stated:

". . . In the first place there are no common-law offenses in this state; they are all statutory. (*The State v. Young,* 55 Kan. 349, 40 Pac. 659.) The crime of arson is fully defined by statute, and the language used indicates quite clearly that it was not intended by the enactment of this statute merely to adopt the common-law definition of that offense. The two differ materially. . . ." (p. 397.)

Again in *State v. Craig,* 124 Kan. 340, 259 Pac. 802, in considering an arson case where the defendant owned a one-sixth interest in the fee and occupied the farm as a tenant burned the barn, we stated:

"Touching the point that defendant was in possession of the barn as lessee of the farm at the time of the burning, we do not see what that fact had to do with its criminal character. Arson in the third degree is a statutory offense; defendant's act was an offense against property, not mainly or particularly one against another's possession or occupancy of the property; and his criminal responsibility for his act was not diminished by any rights attaching to his leasehold." (p. 344.)

The last time this court had occasion to consider a prosecution for burning the property of another under the provisions of K. S. A. 21-581 was in *State v. Crosby,* 182 Kan. 677, 324 P. 2d 197, 76 A. L. R. 2d 514. In that case Crosby was charged with the burning of a mortgaged house which he owned and in which he, his wife and daughter lived. He was convicted and appealed to this court. The prosecution contended that the mortgagee possessed an "estate" or "interest" in the mortgaged property which was embraced in the phrase "property of another" as used in the arson statute. This court reversed the conviction as to this count holding:

"Real property upon which there is a mortgage is not the 'property' of the mortgagee within the meaning of our arson statute (G. S. 1949, 21-581) which makes it a criminal offense to willfully set fire to or burn 'the property of another person.'

"A mortgagor of real property who willfully sets fire to or burns the mortgaged property is not guilty of the offense of arson as defined by G. S. 1949, 21-581—that is to say, he is not guilty of setting fire to or burning 'the property of another person.'" (Syl. ¶¶ 2 and 3.)

In the opinion the court stated:

"Conceding, for the sake of argument, that in one sense of the word a mortgagee has an 'interest' in the mortgaged property (the Bodwell case, *supra* [*Bodwell v. Heaton,* 40 Kan. 36, 38, 39, 18 Pac. 901]), we are not

here concerned with civil rights and liabilities growing out of the relationship, such as for acts of waste committed by the mortgagor, and the like. Our question is whether mortgaged real property is 'the property of another person' (the mortgagee) within the meaning of the statute, 21-581.

"We think the answer is to be found in the principles and rules applicable to criminal prosecutions generally, a primary one being that criminal statutes are to be given a strict construction. . . ." (p. 683.)

It would appear that this court has considered the phrase "property of another" to mean a fee estate. The fact that other parties may have some "interest" in the property is not controlling.

It might be noted that when the new Kansas Criminal Code takes effect July 1, 1970, an entire new and different definition of the crimes of arson will be in force. This decision will not, therefore, be a lasting precedent and an extended opinion is not justified.

We are forced to conclude that an ordinary hotel is not the property of the guests within the meaning of our arson statute (K. S. A. 21-581) and the owner of the hotel, by burning it, cannot be guilty of burning the property of another.

The judgment of the trial court dismissing Count 1 of the original information charging arson under K. S. A. 21-581 is affirmed.

APPROVED BY THE COURT.