THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THINELL RAWLS, Defendant-Appellant.

First District (4th Division)    No. 77-589

Opinion filed February 23, 1978.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Following a bench trial defendant, Thinell Rawls, was found guilty of arson and was sentenced to serve not less than 1½ years and not more than 4½ years in the custody of the Illinois Department of Corrections.

The defendant filed her notice of appeal on December 16, 1976, and the public defender of Cook County was appointed to represent her on appeal. On December 12, 1977, the public defender filed a motion for leave to withdraw as counsel. A brief in support of said motion has been submitted, pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, which states the only issues which could possibly be raised on appeal are whether the defendant was proved guilty beyond a reasonable doubt and whether ownership of the premises burned need be proved beyond the testimony of the janitor for the managing agent and the testimony of the lessee of the apartment where the fire occurred. The brief concludes that an appeal on these issues would be frivolous and without merit.

Copies of the notice, petition and brief were mailed to the defendant on December 12, 1977. The defendant was informed she had until February 19, 1978, to file points she might choose in support of her appeal. Defendant, in response, filed, *pro se,* a one-page document in which she merely identifies or indicates certain pages of the record, apparently for the purpose of having the court examine those pages for possible error.

A brief summary of the evidence adduced at trial follows:

Barbara Johnson testified that at 7:45 a.m. on June 1, 1974, she and her six-year old daughter lived in Apt. 202, 6616 South Yale Street, Chicago, Illinois. At about 7:45 a.m. she and her daughter were in the combination

living room-bedroom when she heard a splashing sound. She felt liquid on the floor and got out of bed to investigate. She thought it sounded like the kitchen sink running over. It was not. She opened the front door and saw defendant standing in the hallway about 5 or 6 feet from the door, with matches in her hand. Defendant ignited the matches and dropped them on the carpeting directly in front of Johnson's door. The carpet went up in flames. Defendant ran backwards towards the rear door. Johnson slammed the front door of the apartment shut and told her daughter to get behind the couch. The window of the room was open; Johnson knocked out the screen and called to two men working in the yard next to her building. She told the men what had happened and they told her to drop her daughter and they would catch her. After catching the child the men stacked two garbage cans and one of the men climbed up and caught Johnson as she jumped.

Johnson had known defendant for two or three months and had seen her frequently during that period of time. Defendant was a former girlfriend of John Washington, the man with whom Johnson was living.

Johnson testified further that the carpeting in the hallway outside her apartment door was burned, a chair in her apartment was damaged, clothing smelled of smoke, the door to her apartment was badly charred and a chair directly next to the door was burned.

Ronald Daniels testified, in substance, that his mother was the manager of the building. He was the janitor for the building and worked for Sack Realty on the date of the fire. It was his job to take care of the building and hallways. He was called to the building between 8 and 9 a.m. and noticed the second floor had been burned up. After the fire, apartment 202 was not livable. It was burned completely. He testified he did not know whether Sack Realty was a corporation or a partnership or if the building was held in trust.

The defendant testified that on June 1, 1974, she left her house for work at 3 p.m. She did not leave earlier that day because she was babysitting for her sister's baby as well as for her own daughter. She had seen Johnson and Washington only once in a lounge on 79th Street near Halsted when Washington had tried to buy her a drink and Johnson had spilled a drink on her saying Washington was her (Johnson's) boyfriend. She had never been in the building at 6616 South Yale, did not throw gasoline on the floor of the building and did not throw a match on any gasoline there.

The first argument raised by defendant, that she was not proved guilty beyond a reasonable doubt, is without merit. It has become axiomatic that the trier of fact determines the credibility of the witnesses and the weight to be given their testimony. In a bench trial it is for the trial court to decide whether the prosecution establishes the guilt of the defendant

and we should not set aside its judgment unless the proof is so unsatisfactory as to cause a reasonable doubt of guilt to appear. *People v. Lofton* (1977), 69 Ill. 2d 67, 370 N.E.2d 517; *People v. Janis* (1977), 56 Ill. App. 3d 160, 371 N.E.2d 1063.

■■ The evidence in the case at bar wholly supports the trial court's finding. Johnson's testimony was clear and positive. She observed the defendant at close range, and had seen her on many prior occasions.

■■ The defendant's contention that the prosecution's failure to prove ownership requires reversal is equally without merit. It seems clear from a reading of the arson statute (Ill. Rev. Stat. 1975, ch. 38, par. 20—1), that it is not necessary to prove the identity of the owner or possessor of the premises provided the proof otherwise establishes that the property is one in which someone other than the defendant has an interest which the defendant has no authority to impair. The statute reads:

> "A person commits arson when, by means of fire or explosive, he knowingly:
>> (a) Damages any real property, or any personal property having a value of $150 or more, of another without his consent.
>>
>>        * * *
>>
>> Property 'of another' means a building or other property, whether real or personal, *in which a person other than the offender has an interest which the offender has no authority to defeat or impair.*" (Emphasis added.) Ill. Rev. Stat. 1975, ch. 38, par. 20—1.

We agree with the public defender that the instant case may be analogized to *People v. Flowers* (1977), 52 Ill. App. 3d 301, 367 N.E.2d 453 in which the court held it was unnecessary in a prosecution for attempt burglary for the State to prove the identity of the owner of the burglarized premises when the proof otherwise established the entry was unauthorized and was sufficiently specific to enable the accused to present a defense and to protect himself from a second prosecution for the same offense.

■■ Additionally, this court has held that a leasehold interest is covered by the arson statute. *People v. Feinberg* (1971), 2 Ill. App. 3d 83, 276 N.E.2d 95; see also *People v. Johnson* (1971), 3 Ill. App. 3d 158, 279 N.E.2d 47.

■■ In the case at bar the testimony is that Johnson lived in apartment 202, 6616 South Yale with her daughter. The testimony further establishes that a chair in the apartment was burned and that the door to and the walls of the Johnson apartment were badly damaged and charred.

We have examined the record and concur in the opinion of the public

defender that the arguments raised have no substantial merit. Our inspection of the record does not disclose any additional possible grounds for appeal which are also not frivolous.

Accordingly, the public defender of Cook County is granted leave to withdraw as counsel for the defendant on appeal, and the judgment of conviction is affirmed.

Petition allowed.

Judgment affirmed.

JOHNSON, P. J., and LINN, J., concur.