(687 P.2d 1375)
No. 56,036

State of Kansas, *Appellee,* v. Tyrone H. Powell and Robert E. Horton, *Appellants.*

Petition for review denied November 9, 1984.

Opinion filed September 27, 1984.

*Chester I. Lewis,* of Lewis & Davis, of Wichita, for the appellant Tyrone H. Powell.

*David Michael Rapp,* of Moore, Rapp & Schodorf, P.A., of Wichita, for the appellant Robert E. Horton.

*Kimberly Gee Vines,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, for the appellee.

Before Briscoe, P.J., Abbott and Swinehart, JJ.

Swinehart, J.: Tyrone H. Powell and Robert E. Horton, defendants herein, appeal their convictions of two separate counts of arson. Powell rented a building from Ewing Lofton in which he operated Powell's Bar-B-Que. Horton was an employee of

Powell's Bar-B-Que. Defendants Powell and Horton were each charged with one count of intentionally burning the property of another and with one count of intentionally burning a building with the intent to defraud an insurer, in violation of K.S.A. 21-3718(1)(a) and (1)(b). Both defendants, tried jointly, were convicted by jury verdict of both counts of arson, and have perfected this appeal.

Defendants first argue that the trial court erred in admitting certain expert testimony given by Jack Clutter, a fire investigator and insurance adjuster.

The State argues that this point is not preserved on appeal as to defendant Powell since counsel for Powell lodged no objection at trial to any of Mr. Clutter's testimony.

We have examined *State v. Pham*, 234 Kan. 649, 675 P.2d 848 (1984), K.S.A. 22-3204, and K.S.A. 60-404, and conclude that defendant Powell may raise on appeal the issue of erroneous admission of evidence where a timely and specific objection was lodged by defendant Horton.

The record reveals that only one such objection was overruled by the court. Mr. Clutter was asked on direct examination: "Over your twenty four years in your employment, Mr. Clutter, have you investigated arson fires that were caused to cover up burglaries?" to which Mr. Clutter replied: "Yes, sir, I have." Counsel for defendant Horton objected that such testimony had no bearing on this particular case and that his testimony should be limited to his knowledge of this particular fire. The "modus operandi" testimony of which defendant Powell now complains was not objected to at trial.

K.S.A. 60-456(b) states:

"If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness."

As was recently stated in *State v. Williams*, 234 Kan. 233, 237-38, 670 P.2d 1348 (1983):

"Kansas trial courts have wide discretion in allowing the testimony of expert witnesses pursuant to K.S.A. 60-456(*b*), and the use of such testimony ordinarily goes to the weight of the evidence and not its admissibility. *Schaeffer v. Kansas Dept. of Transportation*, 227 Kan. 509, 608 P.2d 1309 (1980); *Plains Transp. of Kan., Inc. v. King*, 224 Kan. 17, 578 P.2d 1095 (1978). The basis for admission of

expert testimony is the need to assist the jury in understanding the facts of the particular case. *Lollis v. Superior Sales Co.*, 224 Kan. 251, 580 P.2d 423 (1978). As admission of expert testimony lies within the sound discretion of the trial court its ruling will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Reed*, 226 Kan. 519, Syl. ¶ 1, 601 P.2d 1125 (1979). A party claiming an abuse of discretion has the burden to establish the claim. *Hoover Equipment Co. v. Smith*, 198 Kan. 127, 134, 422 P.2d 914 (1967); *Skahan v. Powell*, 8 Kan. App. 2d 204, 208, 653 P.2d 1192 (1982); *Lemons v. St. John's Hospital of Salina*, 5 Kan. App. 2d 161, 613 P.2d 957, *rev. denied* 228 Kan. 807 (1980); *State v. Wright*, 4 Kan. App. 2d 196, Syl. ¶ 5, 603 P.2d 1034 (1979), *rev. denied* 227 Kan. 928 (1980)."

The question objected to by counsel for defendant Horton went toward the foundation necessary to qualify Mr. Clutter as an expert. Defendants have not shown that the trial court abused its discretion in admitting the testimony for that purpose. Further, even assuming arguendo that the trial court did abuse its discretion, defendants have not demonstrated that their rights were substantially prejudiced by the error, nor that had it not occurred, a different conclusion would have resulted at trial. *State v. Stoops*, 4 Kan. App. 2d 130, 135-36, 603 P.2d 221 (1979). Mr. Clutter did not express his opinion as to the defendant's guilt or innocence, but restricted his opinion to the characteristics of fires set with the intent to defraud an insurer.

Defendants next argue that their convictions are not supported by sufficient evidence. Defendant Powell argues that his conviction on both counts was based on mere speculation and conjecture arising from circumstantial evidence.

The evidence against defendant Powell was circumstantial. However, a conviction of even the gravest offense may be sustained by circumstantial evidence. *State v. Williams*, 234 Kan. at 239. Sufficient evidence was presented to enable a rational factfinder to find defendant Powell guilty beyond a reasonable doubt of both counts of arson. The circumstantial evidence of the relationship between defendants Powell and Horton, of defendant Powell's recent increase in insurance, of defendant Powell's financial problems, and of defendant Powell's overstated insurance claim, support his conviction. Powell was not convicted of arson solely by the fact that he was in financial straits, as he claims. Rather, he was convicted because of evidence that he procured, counseled and aided defendant Horton in burning the property.

Defendant Horton's claim of insufficient evidence has a different focus. Horton contends that the State had to prove de-

fendant Horton knew Ewing Lofton owned the building, and that no such evidence was presented.

The plain language of K.S.A. 21-3718(1)(a) requires the State to prove that a defendant knowingly damaged a building. The State is not required to prove that a defendant damaged a building knowing the owner thereof. The word "knowingly" modifies the doing of the prohibited act and is used to distinguish intentional acts from accidental acts. See K.S.A. 21-3201(2); PIK Crim. 2d 59.20.

"The essence of the crime of arson is an incendiary and, therefore, a wilful burning of property. A wilful setting fire to or burning would be such an act consciously and intentionally, as distinguished from accidentally, involuntarily, or negligently done, and implies that the act must be done knowingly and according to a purpose." 5 Am. Jur. 2d, Arson and Related Offenses § 11, p. 808.

Although the State was not required to prove that defendant Horton knew the property belonged to Ewing Lofton, it was required to prove that the property was owned at least in part by someone other than defendant Powell. See *State v. Craig*, 124 Kan. 340, 259 Pac. 802 (1927). The State easily met this burden by showing that Lofton owned the building which housed Powell's Bar-B-Que, and that defendant Powell leased those premises from Lofton.

Sufficient evidence supports the convictions of defendants Powell and Horton.

Defendants next argue that the arson charges under K.S.A. 21-3718(1)(a), damaging the property of another, and 21-3718(1)(b), damaging property with intent to defraud an insurer, were multiplicitous. Defendant Powell argues that the evidence, at the most, showed only one general intent to defraud the insurer, and urges the adoption of the "single impulse rule." Defendant Horton argues that the evidence, at the most, revealed only one wrongful act since there was but one single ignition of the fire.

As was stated in *State v. Stoops*, 4 Kan. App. 2d at 138:

"The law in Kansas is well-established that (1) generally, a single wrongful act should not furnish the foundation of more than one criminal prosecution; and (2) the test to be applied in determining whether more than one offense can be charged as a result of a single act is whether each offense requires proof of a fact that is not required by another. See, *e.g., State v. James*, 216 Kan. 235, 238, 531 P.2d 70 (1975); *Jarrell v. State*, 212 Kan. 171, 510 P.2d 127 (1973); *State v. Pierce, et al.*, 205 Kan. 433, 469 P.2d 308 (1970)."

K.S.A. 21-3718(1)(a) and (1)(b) each require proof of a fact not required by the other. To convict under 21-3718(1)(a), the State must prove that another person had an interest in the damaged property and that such person did not consent to the damaging of the property. Subsection (1)(b) requires neither of those elements. To convict under (1)(b), the State must show that the damaged property was insured and that the damage was done with the intent to defraud the insurer. Neither of those elements is required under subsection (1)(a). Because each offense with which the defendants were charged requires proof of a fact not required by the other offense, the charges are not multiplicitous.

Defendant Powell claims that under the "single impulse rule" he should have been charged only with violation of 21-3718(1)(b) since his acts revealed only one general intent to defraud the insurer. See *State v. Stoops*, 4 Kan. App. 2d at 136. The Kansas Supreme Court has not adopted the "single impulse rule." This court declines to do so. Even if this jurisdiction had already shown its willingness to adopt the "single impulse rule," sufficient evidence was presented to support a finding that defendant had separate and distinct intents.

The last issue is raised by defendant Horton only. Defendant Horton argues that the sentence imposed against him is contrary to the constitutional prohibition of cruel and unusual punishment. The sentence imposed by the trial court was within the statutory limits. As was stated in *State v. Steward*, 219 Kan. 256, 270, 547 P.2d 773 (1976):

" 'When a sentence is fixed by the trial court within permissible limits of the applicable statutes the sentence is not erroneous. In the absence of special circumstances showing an abuse of judicial discretion it cannot be determined on appeal that such a sentence is excessive or so disproportionate to the offense as to constitute cruel and unusual punishment.' " (Quoting *State v. Pettay*, 216 Kan. 555, Syl. ¶ 4, 532 P.2d 1289 [1975].)

No special circumstances have been shown which even point toward an abuse of discretion in sentencing. See *State v. Reeves*, 232 Kan. 143, 652 P.2d 713 (1982); *State v. Goering*, 225 Kan. 755, 594 P.2d 194 (1979); *State v. Coe*, 223 Kan. 153, 574 P.2d 929 (1977). Therefore, this court will not determine that defendant Horton's sentence is excessive or so disproportionate to the offense as to constitute cruel and unusual punishment.

Affirmed.