(738 P.2d 872)

No. 59,934

STATE OF KANSAS, *Appellee,* v. MARVIN W. JOHNSON, *Appellant.*

Petition for review denied September 9, 1987.

Opinion filed June 18, 1987.

*Martha J. Coffman* and *Melissa Sheridan,* assistant appellate defenders, and *Benjamin C. Wood,* chief appellate defender, for appellant.

*Kyle G. Smith,* assistant county attorney, *Rodney H. Symmonds,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before MEYER, P.J., BRAZIL and DAVIS, JJ.

DAVIS, J.: The defendant, Marvin W. Johnson, appeals a conviction for attempted aggravated arson, K.S.A. 21-3719; K.S.A. 1986 Supp. 21-3301.

On the night of December 27, 1985, a man threw two Molotov cocktails through the window of a building housing the law offices of Patton and Davis at 15 West 5th Avenue in Emporia, Kansas. Part of that building contained residential apartments, including one that was occupied at the time of the crime. The Molotov cocktails consisted of empty McCormick vodka bottles filled with gasoline and plugged with rags. The rags on both bottles were burned, but the officer who arrived at the scene observed no smoke or fire.

An eyewitness identified defendant as the person who threw the lighted Molotov cocktails through the office window. The defendant's fingerprints were on one of the Molotov cocktails, and two empty McCormick vodka bottles were found in a search of his home.

Michael G. Patton testified that defendant had terminated Patton's services as an attorney in April 1985 because he was dissatisfied with the advice he had received. Defendant filed a

small claims action against Patton to recover a $500 retainer fee; Patton counterclaimed for $96.25 additional attorney fees. According to Patton, the court entered judgment for him on both the claim and counterclaim.

Defendant offered an alibi defense. Richard Lee Euler and Verna Geiber testified that they had been with defendant on the night of the crime. Defendant did not testify. A jury convicted defendant of attempted aggravated arson. The court sustained the State's motion to sentence defendant as a habitual felon. He was sentenced to a term of incarceration of twelve to twenty-five years.

On appeal, defendant claims that: (1) The evidence is insufficient to sustain his conviction for attempted aggravated arson; (2) the trial court erred by failing to instruct the jury on an essential element of the charge; and (3) the State's alleged intimidation of his alibi witness violated his right to due process of law.

K.S.A. 21-3718 and 21-3719 provide as follows:

"**21-3718. Arson.** (1) Arson is knowingly, by means of fire or explosive:

"(a) Damaging any building or property in which another person has *any interest* without the consent of such other person; or

"(b) Damaging any building or property with intent to injure or defraud an insurer or lienholder." (Emphasis added.)

"**21-3719. Aggravated arson.** Aggravated arson is arson, as defined in section 21-3718, and committed upon a building or property in which there is some human being."

Defendant first contends that the crime of arson requires proof that the property is owned at least in part by someone other than the defendant. *State v. Parrish*, 205 Kan. 33, 468 P.2d 150 (1970). He argues that "any interest" in K.S.A. 21-3718(1)(a) means "any *ownership* interest." At trial, the State did not present evidence that someone other than defendant owned all or part of the building, but established only that the Patton and Davis law firm *leased* the building from the owners. The State argues that "any interest" includes the interest of a lessee.

The question of whether a lessee has "any interest" in a building or property is one of first impression in this state. Only one Kansas case has considered the meaning of "any interest" in K.S.A. 21-3718(1)(a). In *State v. Houck*, 240 Kan. 130, 727 P.2d 460 (1986), the court held that neither a mortgagee nor an insurer

of property damaged by arson held "any interest" in the property. The court reasoned that the legislature would not have enacted 21-3718(1)(b), which requires the State to prove intent to injure or defraud an *insurer or lienholder*, had it intended for subsection (a) to protect the interests of insurers and mortgagees. 240 Kan. at 135. The State also alleged in the information that a lessee of one of the burned properties had an interest in the property. 240 Kan. at 133. Apparently, the issue of whether the lessee's interest fell within the scope of the protection in subsection (a) was not raised on appeal.

In *State v. Powell*, 9 Kan. App. 2d 748, 687 P.2d 1375, *rev. denied* 236 Kan. 877 (1984), we held that in a prosecution for arson the State was not required to prove that the defendant "damaged a building knowing the owner thereof," but that the defendant knowingly burned a building owned at least in part by someone else. 9 Kan. App. 2d at 751 (citing *State v. Craig*, 124 Kan. 340, 259 Pac. 802 [1927]). The issue of whether a lessee has "any interest" in a building or property was not before the court in *Powell*.

Defendant relies primarily upon case law interpreting prior arson statutes. K.S.A. 21-581, -582, and -583 (Corrick), which defined the crimes of first-, second-, and third-degree arson, required the State to prove that the victimized property was "the property of another person." The supreme court interpreted "the property of another person" strictly. In *State v. Parrish*, 205 Kan. 33, the court rejected the State's contention that arson was a crime against possession, as well as ownership, of property. The court noted, "It would appear that this court has considered the phrase *'property of another'* to mean a *fee estate*. The fact that other parties may have some 'interest' in the property is not controlling." 205 Kan. at 36. (Emphasis added.) Thus, the court concluded that "an ordinary hotel is not the property of the guests within the meaning of our arson statute (K.S.A. 21-581) and the owner of the hotel, by burning it, cannot be guilty of burning the property of another." 205 Kan. at 36; see *State v. Crosby*, 182 Kan. 677, 324 P.2d 197 (1958) (dwelling house burned by owner was not the "property" of the mortgagee within the meaning of first-degree arson statute).

The State argues that the language in K.S.A. 21-3718—

"building or property in which another person has *any interest*"—is significantly broader than "property of another person." It contends that the legislature used the broader language to expand the property interests protected by the arson statute. The comments of the court in *Parrish* support the State's argument. The court noted, "[W]hen the new Kansas Criminal Code takes effect July 1, 1970, an entire new and different definition of the crimes of arson will be in force. This decision will not, therefore, be a lasting precedent and an extended opinion is not justified." 205 Kan. at 36.

We agree with the State that the legislature, by using "any interest," intended to expand the types of property interests protected by the arson statute. The rule that penal statutes must be construed strictly means that ordinary words are to be given their ordinary meanings. *State v. Thompson*, 237 Kan. 562, 566, 701 P.2d 694 (1985) (citing *State v. Dubish*, 234 Kan. 708, 675 P.2d 877 [1984]). The ordinary meaning of "any" suggests an intent to include more than just a fee simple interest in property. The legislature's intent to broaden the scope of arson becomes particularly evident when "any interest" is considered against the narrow construction given "property of another person."

The comments of the Kansas Judicial Council indicate that K.S.A. 21-3718 "is drawn from Illinois Criminal Code, 20-1." An examination of Illinois law supports the State's contention that K.S.A. 21-3718(1)(a) extends protection to a leasehold interest in real estate.

Section 20-1 of the Illinois Criminal Code, Ill. Ann. Stat. ch. 38 § 20-1 (Smith-Hurd 1977), defines arson as follows:

"A person commits arson when, by means of fire or explosive, he knowingly:

"(a) Damages any real property, or any personal property having a value of $150 or more, of another without his consent; or

"(b) With intent to defraud an insurer, damages any property or any personal property having a value of $150 or more.

"*Property 'of another' means a building or other property, whether real or personal, in which a person other than the offender has an interest which the offender has no authority to defeat or impair,* even though the offender may also have an interest in the building or property." (Emphasis added.)

The Illinois courts repeatedly held that a lessee of a building or other property has an interest "which the offender has no authority to defeat or impair." See *People v. Rawls*, 57 Ill. App. 3d

702, 373 N.E.2d 742 (1978); *People v. Tisley,* 20 Ill. App. 3d 145, 313 N.E.2d 204 (1974); *People v. Johnson,* 3 Ill. App. 3d 158, 279 N.E.2d 47 (1971); *People v. Feinberg,* 2 Ill. App. 3d 83, 276 N.E.2d 95 (1971); *People v. Gaither,* 103 Ill. App. 2d 47, 243 N.E.2d 388 (1968).

We hold that "any interest" in K.S.A. 21-3718(1)(a) includes a leasehold interest in real property. Substantial competent evidence supports defendant's conviction for attempted aggravated arson.

Second, defendant contends that the trial court erred by failing to instruct the jury that the State must prove that he attempted to burn a building "in which another person has any interest." The trial court instructed the jury that the State must prove "[t]hat the defendant intentionally damaged the building at 15 W. 5th by means of fire or an explosive." The instruction deviates from PIK Crim. 2d 59.22, which states that the State must prove "[t]hat the defendant intentionally damaged the (building) (property) of _____ by means of (fire) (an explosive)."

Defendant did not object to the instruction given by the trial court. "The rule is well established in this state that a party may not assign as error the giving or failure to give an instruction unless he objects to the instruction stating the specific grounds for the objection. Absent such objection, an appellate court may reverse only if the trial court's failure to give the instruction was clearly erroneous." *State v. Holley,* 238 Kan. 501, 506, 712 P.2d 1214 (1986) (citing *State v. Peck,* 237 Kan. 756, 764, 703 P.2d 781 [1985]). "An instruction is clearly erroneous when the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility the jury would have returned a different verdict." *State v. Maxwell,* 234 Kan. 393, Syl. ¶ 5, 672 P.2d 590 (1983).

At trial, defendant did not dispute that Michael Patton and Steven Davis leased the building that he was charged with attempting to burn. No real possibility exists that the jury would have returned a different verdict had the court properly instructed it.

Finally, defendant contends that the State violated his right to due process by intimidating his alibi witness, Richard Lee Euler. At trial, Euler testified that Detective Lyle Armitage had threat-

ened to charge him with perjury if he testified in defendant's behalf.

Although defendant now claims that Detective Armitage's conduct violated his right to due process, he originally argued that the detective's alleged intimidation of Euler was "newly discovered evidence" and moved for a new trial.

The court held a hearing on defendant's motion. At the hearing, Euler testified that on June 11, 1986, Detective Armitage and another detective had threatened to charge him with perjury if he testified for defendant. He stated that the detectives had come back to his residence on June 23, had offered to find him a job if he would change his testimony, and again had threatened to charge him with perjury.

Euler claimed that the threats had made him "extremely apprehensive" about clarifying testimony he had given at the preliminary hearing. At the preliminary hearing, Euler testified that he first had heard about defendant's arrest on January 2, 1986. Defendant, however, was not arrested until January 12—a discrepancy on which the State placed great emphasis at trial. Euler claimed that at the preliminary hearing he had meant that he first had heard of defendant's arrest on January 22, not January 2, and that he had been afraid to change his testimony at trial because of the detectives' threats. On cross-examination, however, Euler admitted that he had testified at trial that he was not sure of the date that he first had learned of defendant's arrest.

The trial court found that defendant had failed to prove that the result likely would be different if Euler changed his testimony. In fact, Euler changed his testimony at trial. He testified that he "was wrong" when he had said at the preliminary hearing that he first had heard of defendant's arrest on January 2. "It was," he stated, "after January 2nd."

The trial court did not abuse its discretion by denying defendant's motion for a new trial. *State v. Hobson*, 237 Kan. 64, 697 P.2d 1274 (1985). Defendant has not shown that the actions of the detectives prejudiced him and deprived him of a fundamentally fair trial.

Affirmed.